Case number 20-1153 Timothy Boykin v. Family Dollar Stores of Michigan Inc. Arguments not to exceed 15 mans per side. Mr. Tishkoff, you may proceed for the appellant. Thank you very much. May it please the court, greatly appreciate your taking the time during these circumstances to entertain oral argument on this case. I am the lead attorney representing the plaintiff, Timothy Boykin, in this matter which is on appeal before this honorable panel and we greatly appreciate it. I feel a little different being here in Ann Arbor but we're really, we're going to make it work here and I welcome any questions that the panel has at any point. I respectfully am reserving five minutes of rebuttal time after my direct presentation. I'm sure the court is familiar with the briefs and I would suggest to the court that this is really not a complicated question that we state on appeal and that is an error by the district court in compelling arbitration without allowing any discovery on whether there was a meeting of the minds by the parties, my client and whoever his employer actually is, to agree to arbitrate. Can I ask, can I start with a procedural question? Absolutely. The procedural question is trying to get my mind around how this usually works because the district court's opinion had a 12b6 standard of review, a rule 12b6 standard of review, which normally you think you just look at the allegations of the complaint and it rejected your client's affidavit under essentially a rule 56. It was insufficient to create a genuine issue of material fact. So I'm curious how if your position on how arbitration and the statute 9 U.S.C. 4 interrelates with the civil rules of procedure and so this is essentially the pleading stage. Does that mean we should just look at the complaint? Does that mean because of the Congress's wanting to have arbitration done quickly we can actually even at this complaint stage look at evidence? I'm curious just how you think the process should work. These are great questions and I wish I actually had a lot more time to try to fully, so let me try to give you the quickest answer as I can. Under Trombley and Iqbal, as I understand it, we now plead and for the plaintiff it is appropriate to flesh out the possible allegations through affidavits and otherwise. There is case that if there is a question about arbitration, it is appropriate in federal court to submit an affidavit on those issues. In this case, an affidavit was submitted. There was certain evidence that was presented by the moving party. I do not believe the court really sliced out those procedural issues that you're talking about, Honorable Judge Murphy, and I don't think the court really entertained an analysis of how it would make its conclusion, but we would argue that under Sixth Circuit and U.S. Supreme Court law, whatever the procedure is, there is a threshold question as to whether the parties by clear and convincing evidence first agree to arbitrate. We would say that's the very first issue before you can even start various procedures, whether it's the Arbitration Act, Rule 12B6, or otherwise. I was before the court 20 years ago almost on the Simon v. Fizer case, 228 F3D 709, 2000 case, and the court agreed with us that a longstanding policy of the Sixth Circuit is that no matter how strong the federal policy favoring arbitration, and that may be in a statute or act, arbitration is a matter of contract between the parties and one cannot be required to submit to arbitration dispute, which it has not agreed to submit to arbitration, and that's what happened here. We did not have clear and convincing evidence that there was actually an agreement to arbitrate. Now, once there is that clear and convincing evidence established, then you get into issues of who decides the arbitrability, and I just want to also note the Supreme Court has not wavered in rent-a-car the standard for the submitting the question of arbitral to an arbitrator as clear and convincing evidence. Now, I was thinking of maybe if we thought of the motion to compel arbitration as essentially a motion for summary judgment. Generally speaking, you can file those things at any time. Rule 56 allows them to be filed at any time, and if you have a concern that you don't have the evidence that you need to you didn't necessarily do that in this case, but I'm curious what discovery on this arbitration issue do you think is still outstanding? Absolutely, and I want to address that as well. On rule 56, if it's going to be converted, my understanding is the court does need to give some notice and some opportunity to the parties to then be able to brief it, and that didn't happen here. What's the prejudice? What discovery do you want? We haven't taken any affidavits of Neely who presented this affidavit that the court relied upon. The court could not determine even which arbitration agreement applied, and I want to try to make sure I get to this. My client worked there with these convoluted companies that changed repeatedly beginning when he was hired in 2003. There was no evidence of requirement to do an arbitration work module. He was terminated August 7, 2018 under horrendous circumstances. The argument here, unlike any case we've seen, is that they can go all the way back to July 15, 2013 and have an affidavit of a Natalie Neely who's with some different company. It's not even clear that she was the employer, how she's related, that has no first-hand knowledge and says a training module was completed and that that has somewhere in it an agreement to arbitrate. They have a number from my employee. My client denies that he actually was required to or did execute and knowingly did an arbitration agreement. The questions for discovery are, what is the chain of custody? What's the authentication and the completeness? Where did this open door and arbitration module come from? Who is this person that says that this is the procedure that you have to click on? If you look at the evidence submitted by the other side and relied upon by the court, there is a training module that you click on, but the actual agreement isn't attached to it. They keep that on a website. When we filed our lawsuit after doing an employee right-to-know act, which we always do, there is no arbitration agreement produced. There is none. We file it, and the first in-house counsel says, here's arbitration agreement one, signed with some other company in a different state, and you have to arbitrate. Another counsel comes along later and says, no, it's actually this arbitration agreement two. In the court's first ruling, he made no finding as to which agreement was clicked on with this module. If you look at the module, it is not attached. Now, when we got that ruling, we just couldn't even figure out how we could even file for arbitration. One arbitration is with JAMS. One arbitration is with American Arbitration Association. But aren't they arguing, I mean, aren't they arguing that it's agreement number two or whatever? I mean, I guess that's the shorthand I've got, but I mean, what is it? I mean, if that's the agreement and they're saying that's the agreement, then the case is focused on whether that was the agreement that was agreed to, right? Well, the agreement number two is not actually attached to the module. We'd like to do discovery on whether it was ever agreed to at all. It was unclear that the judge was actually relying on agreement number two. They're different. Oh, I'm sorry here. I just messed up. That's an issue of fact, which clearly should be discovered before we make a finding that by clear and convincing evidence, the parties agreed to one or the other. I want to just very quickly read to you the interchange that we had on the record with the court. And because we brought our position that nothing happened in July or whenever that was of 2013, that your client never saw this agreement or that your client never did this module, never participated in any of it, that these documents that the other side is producing, it's a mistake or they're misleading the court or what's going on? Well, these companies are convoluted. At some point, they implemented something that has a module, but our client absolutely did not sign and doesn't have any recollection of recollection of signing any arbitration agreement. And it must be done knowingly and with consent. And that didn't happen here. Can I ask you about the difference between the first affidavit and the second affidavit? Is there a reason why the first affidavit had the, I don't know, or remember signing the affidavit and, or excuse me, signing the arbitration or the second affidavit was much more categorical saying essentially, I did not do that. We were just trying to clarify when he met with us, he said he absolutely did not have any knowledge of an arbitration agreement. It didn't even come up till after we filed. He said, I don't recall anything like that. Our second affidavit, he just clarified that he denied actually executing it. And it's significant in the request to know there was no arbitration agreement produced before we filed the complaint. And now the complaint's been filed. And even after the court ruled, the court could not even determine which agreement would have. A contract has to be specific with specific terms. The court stated, does it matter to you? He said to Ms. Petrosky, and they were both very respectful. Does it matter to you which form this case goes to in terms of jams versus AAA? Ms. Petrosky said, well, I think the issue is the asking you as a practical matter, does it matter to you? He says, it's just a matter of one going to AAA and the other one going to jams. There is in his first decision, no reference to what or how agreement number one is actually going to control. It was the only one attached to the Neely affidavit, which is inadmissible hearsay. We already have identified the second one that was Okay. All right, Mr. Tishkoff, you'll have your full rebuttal time. Let's hear from your opponent. Thank you very much, your honor. Okay. Ms. Petrosky. Thank you. May it please the court, Emily Petrosky on behalf of Family Dollar Stores of Michigan LLC. Your honors, by virtue of this appeal, appellant Mr. Boykin seeks to reverse the well-reasoned and thorough orders of the district court, granting the motion to dispute arbitration. And by that effectively seeks to usurp well-established legal precedent, enforcing arbitration agreements and otherwise recognizing electronic signatures. Contrary to Boykin's arguments, the district court properly concluded that Family Dollar had brought sufficient record evidence to the district court to support its contention that Boykin agreed to submit employment disputes to arbitration and that he signed a valid arbitration agreement agreeing to arbitrate his employment claims. Can I ask the same procedural question that I started with your friend on the other side? It was a little strange to me that the district court's opinion and standard of review section recited 12 v 6 standards, which are well known and require you to only look at the complaint, but then relied on evidence outside the complaint to compel arbitration. I recognize that this motion to compel arbitration isn't neatly within the rules. It's more within 9 U.S.C. section 4. So I'm curious how you think the process should work and whether you think it was just like an unforced error for the district court to cite 12 v 6 standards. The U.S. Supreme Court's made clear that before referring a dispute to an arbitrator, the court has to determine whether a valid arbitration agreement exists, and that's from Henry Stein Inc. v. Archer. And essentially that's what the court did here, regardless of the procedure that the court actually instituted. Clearly the court has to actually review the arbitration agreement and sufficient affidavits to ensure that that they're satisfied that a valid arbitration agreement. So is it like a normal litigation then at this point? The question is, is there a valid agreement? I've got to be careful with the terms I'm using, but does the contract exist? It's a fact question. So we're on summary judgment right now. The motion to compel arbitration basically is like a summary judgment. If there's a fact question, then at some point it might get tried. So are we at summary judgment? Is that the answer? I don't think so, Your Honor, but the court has to actually look at the arbitration agreement, of course. But can we consider the affidavits and other things that we would not consider in a 12 v 6? Clearly that's what the court did here, and I think the court had to do so in order to ensure that a valid arbitration agreement was entered into. Clearly the complaint itself, the four corners of the complaint, are not going to assert that the plaintiff entered into a valid arbitration agreement. Otherwise the complaint would not have been filed. Well, the Third Circuit's approach, the other side cites, I think it's Giadotti, I probably butchered that name, but it suggests that the normal rules would apply. There could be situations in which the arbitration agreement is included with the complaint. If it's a breach of contract claim or something, you might include the entire contract and the contract might include an arbitration provision. In that context, you could just look at the complaint and the stuff attached to it. Here, of course, that wasn't the case. So I don't know that it's necessarily inconceivable that you wouldn't follow the normal rules of civil procedure in this context. And here that would mean it was just improper to look outside the complaint at this stage of the case. Well, even Giadotti, your honor, recognized that a naked assertion that an individual did not sign the arbitration agreement is not sufficient to defeat a motion to compel arbitration. But wouldn't that be at the summary judgment stage? Even if we were to analyze this under a summary judgment standard, the court clearly found that the plaintiff, Mr. Boykin, had not presented sufficient evidence to establish a material question of fact as to whether a valid arbitration agreement was entered into. But then that gets to why the problem. It's also at the pleading stage. A motion to compel is filed at the before summary judgment. You'd have a right to seek discovery. As your friend on the other side suggested, he might want to depose the person who did the pleading stage. None of this discovery about whether a valid arbitration agreement existed could take place. That seems somewhat unfair to me, too, if there is an actual dispute about whether there is a meeting of the minds between the parties not to allow any discovery on this issue. Well, and to that, I'd say the court was satisfied with the record evidence that Family Dollar had presented as well as the Michigan statutory requirement that electronic signatures be given the full force and weight of the law and that that can't be a basis to undo a contract, that there was a valid arbitration agreement in here. I have a question while you're going along, just so I'm clear. We're talking about whether there's a valid arbitration agreement, but my understanding, maybe it's oversimplified, is that the only factual issue here, the only real issue at all on this appeal, ultimately, is whether he signed this thing. Is that right? He either signed it, and I grant you it's not a physical signature, so you could quibble about what the nature is of going through and clicking something on a computer, but they're not even arguing about that. The whole argument appears to be that he just didn't do it. He either did it, which is to say went through those computer clicks that amount to a signature, or he didn't. It's the exact equivalent of, did he actually sign this piece of paper, or did someone else sign it, or is it blank? Is that right? There's no other issues about the scope of the agreement or whether it leads to arbitrability or whether it leads to this other. It all has to do with whether this signature was entered. Is that correct? That seems to be the issue, but the court did also indicate that under Michigan law, continuing employment can be sufficient to assent arbitration. All of that doesn't matter one way or the other, depending on whether the signature occurred on this appeal. Is that correct? It's his contention. If he didn't sign it, then you lose the appeal. You lose the case, or you lose the arbitrability, whether it's arbitrability about arbitrability or whether it's just arbitrability. It doesn't matter. You lose if he didn't sign it. At this stage, you win because the court is correct if he did sign it. By sign it, I mean to the relevant clicking at the relevant time. Right. He has never disputed. I understand. I just want to make that clear. You can go on with your argument because I'm going to ask the opposing counsel the same thing. That's correct. That's the focus of the issues there. Why isn't it the case? I want to get to this Michigan right to know question. He asked for his personnel records. You're supposed to give them. You don't give the arbitration agreement. I guess we go back to Judge Murphy's question, but let me phrase it this way. Why couldn't a rational trier of fact infer from that that he didn't sign any agreement? Would that be a reasonable inference, or would that be one inference too far? That would be one inference too far. I mean, to take from the fact that an arbitration agreement may not have been produced in response to a request that does not require an arbitration agreement to be produced. Assume that it does require it to be. I mean, you assert that in your brief, but I didn't see any citation or any argument on this point at all. So assume for a moment that you had to produce it to him. If we were to find that you had to produce it to him and you didn't, would that be a rational inference then at that point that it may not exist? I don't think so, Your Honor. The Bullard-Pilecki Act clearly doesn't include it within its definition and also only provides that documentation can't be, potentially could not be used in proceedings if there was an obligation to produce and that document wasn't otherwise available. Here, it's always been our position that he completed the electronic signature process and also that the arbitration agreement would have been available to him throughout the course of his employment on a publicly available website. And as a manager, he had the obligation to ensure that the employees who he was responsible for also... Why isn't a flat... So I know you have an argument that the first affidavit came before the second and the first one was more of an, I don't know, or I don't remember. The second affidavit is a categorical, I did not click the button and it's an affidavit or declaration, it's under oath. Why isn't that enough to create a genuine issue of material fact about whether he did or did not? I mean, in any other context, it's his personal knowledge. I would think that, like, were you driving the car? No, I was not driving the car. Okay, there's a genuine issue of material fact of whether somebody was... Why is this different? So again, here, Your Honor, we're looking at essentially what amounts to a naked assertion in the second affidavit that's not supported by any facts. But it's supported by his personal knowledge. I mean, how else is he supposed to deny... How else is he supposed to deny having clicked the button? You're asking him to prove a negative. The way he proves the negative is by saying, I didn't do it. Well, also by providing evidence to support that, an attestation that he was not, in fact, at work that day. He does not do that, nor could he. He does not provide any attestation in his affidavit that anyone had access to his unique associate number or password that would have been required for him to log in and complete the electronic affirmation. And also, you'll note in his actual affidavit, relative to the training slides and the electronic process itself, what he actually says in paragraph 18 of his second affidavit is, I do not recognize, nor do I have knowledge or recollection of reviewing prior to 2019, completing, executing, or acknowledging in writing or electronically the 2013 training slides. What's the 2013 training slides themselves that require him to accept and affirm? And the process isn't a simple click one button. I mean, the associate uses their unique user ID and password that they're prohibited from sharing with others. Boykin has never presented any evidence to suggest that his password was given at any time, much less during the relevant time that this was completed to anyone within the company. And the process is such that he has to download the arbitration agreement, that's why it's not part of the slides, and has to affirmatively accept and acknowledge that he's agreed to arbitrate his claims. And it's never been disputed that Family Dollars records confirm that that process was completed. His contention seems to be that it wasn't completed by him, yet absent from his affidavit is anything to suggest that he actually provided anyone with the password information that they have needed to complete that for him. So the record evidence substantiates that he in fact did complete the process. Michigan law requires that a court recognize valid electronic signatures, and that doesn't require a signature. It's any type of sound or record that can be attributed to the individual. And we determine whether something can be attributed to the individual by looking at the process. And the process here reflects a process that required an individual to use a unique associate ID number and password and go through a process to acknowledge and agree to the terms of the arbitration agreement. And there's nothing in the record that belies that that was not done. Boykin tries to create some factual issues that are simply transparent and don't exist. He's claiming now that the schedule reflects that he wasn't at work that day, because he's claiming now that he was a store manager, even though in his own first affidavit, he said he was an operations manager, performance manager during that time. And in fact, that's what he alleges in his complaint. So that's why he's not on the schedule that day because of his role, not because he wasn't at work. In fact, the best evidence that he was at work is the fact that he but there's no evidence presented in the record that any employee received a certification for this particular training. And Boykin, in fact, doesn't attest that he himself received certifications. And the documentation related to the process clearly indicates in and of itself that that's the completion of the process, acknowledges that the associate has completed it and stands its own certification, that the process was completed. So we're essentially trying to create a question of fact out of evidence that simply isn't there. The district court correctly and appropriately found that the evidence of record supported that Boykin had entered into a valid signature. Counsel, can I ask a question? What if in fact, it was determined that somebody else had filled this out? Would you still say he was bound by it? If someone else had shared his number improperly, and someone improperly used it improperly, would he still be bound by the arbitration? And that was out in that improper way? First off, there's no evidence to support that even though he had the opportunity to question what if, if he had authorized that person to execute that on his behalf? Let's go with a hypothetical. I get to ask hypotheticals. I have colleagues that don't like it that I ask hypotheticals, but we get to do that. Hypothetical is he said, use my number when you feel like it. You know, if you can't remember yours, and he wasn't around and somebody else did it. Would that bind him? And that's where the Michigan law that continued employment can be assent to an arbitration agreement would come into play. Certainly, where there's notice of an arbitration agreement, someone continues their employment, that under Michigan law is sufficient. But not by virtue of his signature. In that instance, there would be no signature, not by him. Because he's claiming something like that went on, or at least saying it might have. He is not claiming that in his affidavit that he gave someone his password or authorized someone to complete that process for him. He's saying other guys to complete, I say other people used it. Other people used it and I didn't do it. It seems to me what he's saying. There's nothing in his, you say, how could it have happened? He says, other people had my number. But Your Honor, respectfully, he does not say that in his. He says, other store managers and assistant store managers at that time shared their numbers. He was neither of those things at that time. And certainly information about whether he did provide his number to someone else to use would be well within his personal knowledge. And that's not what's in his affidavit. He never said that anyone ever had access to his number is what you're saying. That's correct. So you're saying he's not, his affidavit is not specific enough on that point. Right. Let me ask you one. I know your time is up. Let me ask you one question. Do you agree that if this was, if this were a normal summary judgment case, he would be, it would be normal, I guess, and appropriate for him to take the deposition of Neely, the person who had the declaration that you submitted with the records attached, right? I mean, that would be an appropriate deponent. Well, first off, I don't think this is a normal summary judgment case. And I think allowing that process would deprive the court of its function to be able to render it. Okay. I guess I'm going back to Judge Murphy's question though. This is clearly not, if you want this to be a 12B6, we have to reverse, right? Because he looked at evidence that you wouldn't look at in a 12B6. If it's a summary judgment, then we look at all this evidence and then, but wouldn't he be allowed to depose Neely as part of his summary judgment case? I mean, that would, we'd have a 26F, we'd figure out when the discovery deadline cut off. We'd go through the process, right? Even on a 12B6, I firmly believe that the court should be able to review the actual arbitration agreement and be satisfied that- I'm talking about the declaration. I'm talking about not just the agreement. I understand that if a complaint refers to a contract or other items, then that's considered part of the pleadings, right? I agree with that. This is a little bit beyond that, isn't it? I mean, isn't it just, it's not just, and I understand that if you attach a complaint to an answer, perhaps you might have an affidavit to authenticate it, okay? But even then, there might be a question about whether you can take that person's deposition, but the declaration here says a little bit more than just, this is the arbitration agreement, right? It has some information in it about clicking things and what the process is like. Doesn't that get beyond kind of just the face of an agreement? So, if the court were to allow full-blown discovery every time an employer had to submit an affidavit to support an electronic signature process, it would completely undo the court's ability to rule that arbitration agreements were in existence and that a matter should be compelled to arbitration based on the limited evidence that the court needs to review to do so, and that's exactly what was done here. I mean, the law is clear that we can have these electronic signature processes and to hold that a party would be entitled to full-blown discovery merely because they can't remember whether they signed it or not, and then provide a second self-serving affidavit that spinning off of that seems to project a purported denial. You're talking about undoing an employer's ability to enforce a simple arbitration agreement through an electronic signature process without allowing extended discovery or certain some form of discovery, and that's just not necessary to provide the court with sufficient evidence to be satisfied. Okay, great. Now, I get your answer. Thank you very much. I appreciate it. Any other questions? Okay, well, we've got Mr. Tishkoff. You've got your five minutes of rebuttal time. Thank you very much, honorable panel, and I'm on board with a lot of what the questioning here, and just want to try to flesh out. He did see people who would, as managers, fill out employees training modules using their number, but he didn't, but his affidavit, he doesn't specifically say, I gave my credentials to these people. They had access to it. I authorized them to go online and do this or that. He doesn't have any specifics, does he? He definitely didn't authorize that somebody should sign for him, but I know from talking with him, and if the issue is fleshing out the affidavit, we worked very hard to put as much as we can in there. He did know the managers did that. There is a real issue here about whether there is admissible evidence, and it's a summary judgment standard that court is using. This is purely unauthenticated speculation by a party that we don't even know the association with going seven years back trying to say that there was some requirement for employment that there's no evidence of, and he has denied. I think the standard for creating an issue of fact has been met here. I completely agree that the court relied on 12B6, which says you accept all the and unless somehow it couldn't reasonably be foreseeable. I don't think there's anything unreasonably plausible about what he's alleged in the complaint, and the court adopted a hearsay document that even in its face, I would say, cannot establish that there was a meeting in the minds here, that there was actually an agreement to these terms. I do worry. I'm still trying to figure out how the Federal Arbitration Act corresponds with the civil rules, and I do think there is something to the notion that maybe the rules should be modified. It does seem concerning to me that it would frustrate the Federal Arbitration Act if you had far-reaching discovery every time somebody filed a motion to compel arbitration, because the 9 U.S.C. 4 makes quite clear that it's supposed to be expeditious, and it's supposed to be, let's get this thing to arbitration. That's where it belongs if that's the appropriate course. I wonder what you would say in response to the notion that maybe 9 U.S.C. section 4 should somehow correspond with the rules to only allow for a very limited expedited discovery. What would you think about that? Your Honor, the statute speaks for itself, and I haven't done research on the exact interpretation of the scope of discovery, but I would agree that the rule is completely consistent with there being at least limited discovery, if not regular discovery, on the issue of whether the parties reached and signed a binding agreement. That case is one case. We cited actually a couple others. I can't pronounce either. Guidotti v. Legal Helpers. If questions exist on whether the parties agreed to arbitrate, discovery should be allowed on that issue. I think that's consistent with the statute, Your Honor. I think it's consistent with a party coming in and saying, you've lost your right to go to federal court. You've lost it all. You gave it all right. You would have to knowingly give that up by entering into a binding arbitration agreement. We've cited several cases saying that that type of discovery should be allowed. In this case, the court under 12 v. 6 really skipped over all these material issues. Everything we're talking about here are contested factual issues that have not been resolved. The court did not certify this to be decided on Rule 56. I think if you even look at the dispute about what's attached to the module, I know you have read the briefs and know this, but if you look at the exhibit, there is a module. It doesn't even show that you open up and actually read or see any She wasn't working there, but she works for an affiliate parent or related company, and she believes that that should have been the case. That's not admissible evidence to decide summary judgment. It's certainly not admissible evidence to decide a 12 v. 6 motion, Your Honor. I think the record from looking at the court's comments, the court really did not find the evidence here as to a meeting of the minds by the parties. Seven years ago, while my client was a store manager, that's disputed whether he was even working as a store manager. They say he was a performance manager. I say let us at least have limited discovery, if not full-scale discovery, on these issues and let the federal court, trier of fact, come to a conclusion and we get a resolution from there. Otherwise, I think my client is not getting justice, Your Honor. Thank you very much. Thank you, counsel. Thank you, counsel, for your arguments, and the case will be submitted.